UNITED STATES of America

v.

Derrick CHAPPELLE, a/k/a D–Nice
Derrick Chappelle, Appellant.

No. 14–1949.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) on Jan. 23, 2015.

Opinion filed: Jan. 29, 2015.

David L. Axelrod, Esq., Scott M. Cullen,
Esq., Office of United States Attorney,
Philadelphia, PA, for United States of
America.

Paul J. Hetznecker, Esq., Philadelphia,
PA, for Appellant.

Before: RENDELL, SMITH, and
KRAUSE, Circuit Judges.

OPINION *

RENDELL, Circuit Judge:

Arguing sentencing factor manipulation,
Derrick Chappelle ("Chappelle") appeals
from the District Court's sentencing order.
Because no manipulation occurred here,
we will affirm.

## I. Introduction

Chappelle sold crack cocaine to a confi-
dential informant for the FBI on two occa-
sions, which were less than one month

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

apart. The first purchase was for 24.5
grams, and the second purchase was for
48.8 grams. Thereafter, the government
charged Chappelle with two counts of dis-
tribution of crack cocaine pursuant to 21
U.S.C. § 841(a)(1) and (b)(1)(C) and
§ 841(a)(1) and (b)(1)(B). Chappelle pled
guilty, and his final Guideline range was
set at 77–96 months. Chappelle argued
for a downward variance based on what is
known as "sentencing factor manipu-
lation," urging that the Government en-
gaged in a second drug transaction so as to
increase his sentence, thereby manipulat-
ing his sentence unfairly. The District
Court rejected this argument and imposed
a within-Guideline sentence of 96 months.
On appeal, the sole issue is whether the
District Court should have granted the
downward variance based on this factor.

## II. Discussion

"In reviewing the District Court's sen-
tence for reasonableness, we examine its
factual findings for clear error, and its
legal conclusions *de novo.*" *United States
v. Sed,* 601 F.3d 224, 229 (3d Cir.2010)
(internal citation omitted). We have ex-
plained that the "broadest formulation" of
sentencing factor manipulation "holds that
it is 'a violation of the Due Process Clause,'
... when the government unfairly exag-
gerates the defendant's sentencing range
by engaging in a longer-than-needed inves-
tigation and, thus, increasing the drug
quantities for which the defendant is re-
sponsible." *Id.* at 231 (internal citation
omitted) (quoting *United States v. Torres,*
563 F.3d 731, 734 (8th Cir.2009)). Similar-
ly, Chappelle characterizes sentencing fac-
tor manipulation as "occur[ring] in those
circumstances where the defendant, al-

---

constitute binding precedent.

though inclined to commit a lesser crime, is *manipulated* by the government into committing a greater crime, and therefore a greater punishment." (Blue Br. 8 (emphasis added).)

While we "have neither adopted nor rejected" the doctrine of sentencing factor manipulation, *Sed*, 601 F.3d at 229, we agree with the District Court that the second drug deal here does not constitute sentencing factor manipulation, *see id.* at 231 (rejecting a sentencing factor manipulation claim where law enforcement had arranged a second drug deal, thereby increasing the defendant's sentence). The key is *manipulation*, and the government did not in any way manipulate Chappelle, as Chappelle's own counsel conceded that "he was predisposed to sell drugs. He's a drug dealer. There's no doubt about it." (App.69.) Although the FBI did wait a significant amount of time after the second drug deal before charging Chappelle, the FBI did not use that time to unfairly augment Chappelle's future prison sentence by, for instance, conducting a new drug deal every month for the almost three years that intervened before Chappelle was charged. The FBI's decision to arrange a second drug deal was legitimate. *See United States v. Shephard*, 4 F.3d 647, 649 (8th Cir.1993) ("[I]t is legitimate for police to continue to deal with someone with whom they have already engaged in illicit transactions in order to establish that person's guilt beyond a reasonable doubt or to 'probe the depth and extent of a criminal enterprise,' to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy.'" (quoting *United States v. Calva*, 979 F.2d 119, 123 (8th Cir.1992))). A contrary ruling "would unnecessarily and unfairly restrict the discretion and judgment of investigators and prosecutors." *United States v. Jones*, 18 F.3d 1145, 1155 (4th Cir.1994). Accordingly, Chappelle has not established

sentencing factor manipulation, even if we were to adopt the doctrine, and the District Court's within-Guideline sentence was reasonable.

## III.  Conclusion

For the foregoing reasons, we will affirm the District Court's sentencing order.